UNITED STATES DISTRICT COURT
WESTERN MASSACHUSETTS DISTRICT

Civil Action Number: _____

| | |
|---|---|
| THOMAS KENNEDY,<br>  Plaintiff<br><br>v.<br><br>COMMONWEALTH OF MASSACHUSETTS;<br>COUNTY OF HAMPDEN; HAMPDEN<br>COUNTY CORRECTIONAL CENTER;<br>MICHAEL ASHE JR., Sheriff of Hampden<br>County; THOMAS CONKLIN,<br>Superintendent of Health Services of<br>Hampden County Correctional Center,<br>and certain JOHN DOES,<br>  Defendants | **VERIFIED**<br>**COMPLAINT**<br><br>**JURY TRIAL**<br>**DEMANDED**<br><br>FILING FEE PAID:<br>RECEIPT # 305472<br>AMOUNT $ 150.00<br>BY DPTY CLK ___<br>DATE 1/8/04 |

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C., Sections 1983 and 1988, and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C., Sections 1331 and 1341 (3) and (4) and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law.

## PARTIES

2. The Plaintiff, Thomas Kennedy is a natural person who resides at 217 College Street, Chicopee, Hampden County, Massachusetts.

3. The Defendant, Commonwealth of Massachusetts, is a legal entity with exclusive care, custody and control of the Hampden County House of Correction.



1

4. The Defendant, County of Hampden, is a public employer within the meaning of G.L. c. 258, § 1, and at all times material hereto was the employer of Sheriff Michael Ashe, Jr., and his subordinates including John Doe Defendant's.

5. The Defendant, Hampden County Correctional Center is a correctional center for and in Hampden County, Massachusetts and is located at 627 Randall Road, Ludlow, Massachusetts.

6. The Defendant, Michael Ashe, Jr., is the Sheriff of Hampden County and is the person in charge of the Hampden County House of Corrections with his principal place of business at 627 Randall Road, Ludlow, Massachusetts;

7. The Defendant, Thomas Conklin, is the Superintendent of Health Services of the Hampden County Correctional Center with his principal place of business at 627 Randall Road, Ludlow, Massachusetts;

8. Certain Defendants, John Does, are named herein as parties to this lawsuit whose identities remain uncertain at this time;

## STATEMENT OF FACTS

9. At all times material hereto, the Plaintiff, Thomas Kennedy was an inmate at the Hampden County House of Corrections at 627 Randall Road, Ludlow, Massachusetts.

10. While in the custody of the Hampden County House of Corrections, and Sheriff Michael Ashe, Jr., a duty of care was owed to Plaintiff Thomas Kennedy by the Defendant, County of Hampden; by the Defendant, Hampden County House of Corrections; by the Defendant, Sheriff Michael Ashe, Jr.; by the Defendant, Superintendent of Health Services of the Hampden County Correctional Center, Thomas Conklin; and by the Defendants, John Does, (hereinafter, "the Defendants").

11. Upon entering the Hampden County Correctional facility on January 11, 2001, at orientation, Plaintiff requested a bottom bunk of the Defendants due to an inherent weakness in his legs.

12. Mr. Kennedy was assigned a top bunk by the Defendants.

13. The next morning, January 12, 2001, while attempting to get down and while utilizing due care Mr. Kennedy fell and was seriously injured.

14. The Defendants breached their duty of care to the Plaintiff by not investigating his medical request and by not assigning him to a bottom bunk as he requested and explained that he needed.

15. As a direct result of the Defendants breach of their duty of care to the Plaintiff, Mr. Kennedy suffered a fractured hip.

16. As a proximate result of the Defendants breach of their duty of care to the Plaintiff, Mr. Kennedy suffered a fractured hip.

17. As a direct and proximate result of the Defendants breach of their duty of care to the Plaintiff, Mr Kennedy suffered damages, including but not limited to, pain, suffering, medical expenses, emotional distress and attorney's fees.

18. These subsequent events were foreseeable.

19. After repeated complaints, Mr. Kennedy was taken to the infirmary.

20. Since Mr. Kennedy was having a great deal of difficulty walking, he requested crutches to assist him;

21. The Defendants denied his request for crutches.

22. Mr. Kennedy was given two aspirins by the Defendants and sent back to his cell.

23. Subsequently, Mr. Kennedy complained of pain everyday thereafter until on January 26,

2001 he was taken to Baystate Medical Center, Springfield, Massachusetts.

24. On January 26, 2001, Plaintiff treated with John R. Corsetti, M.D. who diagnosed him as having a fractured hip.

25. The Defendants breached their duty of care to the Plaintiff by not investigating Plaintiff's medical condition, by ignoring his legitimate complaints, by not treating his injury and/or by not discovering his injury within a reasonable time.

26. As a direct result of this breach of their duty of care the Defendants caused the Plaintiff additional injury, attendant injury, pain, discomfort and emotional distress.

27. As a proximate result of this breach of their duty of care the Defendants caused the Plaintiff additional injury, attendant injury, pain, discomfort and emotional distress.

28. As a direct and proximate result of this breach of their duty of care the Defendants caused the Plaintiff suffered damages, including but not limited to, pain, suffering, medical expenses, emotional distress and attorney's fees.

29. These subsequent events were foreseeable.

30. After treating with Dr. Corsetti, Mr. Kennedy was transferred back to Hampshire County House of Corrections where he attempted prescribed therapy, however officials stymied his attempts and did not allow Plaintiff to engage in the therapy treatment recommended by his doctor.

31. The Defendants breached their duty of care to the Plaintiff by not allowing the Plaintiff to pursue, complete, participate in or properly benefit from prescribed therapy.

32. As a direct result of this breach of their duty of care the Defendants caused the Plaintiff, Mr. Kennedy additional injury, attendant injury, pain, discomfort and emotional distress.

33. As a proximate result of this breach of their duty of care the Defendants caused the Plaintiff additional injury, attendant injury, pain, discomfort and emotional distress.

34. As a direct and proximate result of the Defendants breach of their duty of care to the Plaintiff, Mr Kennedy suffered damages, including but not limited to, pain, suffering, medical expenses, emotional distress and attorney's fees.

35. At all times material hereto, the Plaintiff required serious medical attention as a result of the injuries directly and proximately caused by the Defendants, however, the Defendant refused to provide the Plaintiff with the necessary medical attention he required.

36. The Defendant, County of Hampden, acted in a grossly negligent manner, was reckless and was deliberately indifferent in establishing and maintaining a custom or policy of inadequate training and supervision.

37. The Defendant, County of Hampden, caused the brutality inflicted upon the Plaintiff because it improperly trained the officers involved, failed to supervise said officers, and acquiesced in the brutality inflicted upon other citizens who had been in Defendant's custody prior to January 11, 2001.

38. The Defendant, County of Hampden, failed to investigate this and prior incidents of negligence and failed to discipline the officers involved.

39. The Defendant, County of Hampden, failed to implement a training program for its correctional officers so as to prevent the type of harm suffered by the Plaintiff.

40. The Defendant, County of Hampden, failed to promulgate regulations governing the conduct of the jail personnel and its officers, and therefore failed to provide for the prevention of negligence, and for the punishment of officers responsible for such actions or inaction as suffered

by the Plaintiff.

41. As a result of the actions and/or inactions of the Defendants as described herein, the Plaintiff sustained serious permanent physical injuries, suffered severe emotional distress, and was caused to seek medical care and attention.

42. Actions and/or inactions of the Defendants were illegal, excessive and unreasonable.

43. The aforesaid actions and/or inactions of the Defendants were deprivations of the Plaintiff's constitutional rights to:

   a) Freedom from cruel and unusual punishment;

   b) Freedom from illegal detention and imprisonment;

   c) Freedom from intimidation and humiliation;

   d) The enjoyment of life, liberty and property and freedom from their deprivation without due process of law;

   e) Freedom from the use of excessive and unreasonable force;

   f) Equal protection of the law;

   g) Medical attention.

44. During all times mentioned herein, the individual Defendants and each of them, separately and in concert, acted under color of law, to wit, under color of the statutes, ordinances, regulations, customs and usages of the Commonwealth of Massachusetts, County of Hampden. Each of the individual Defendants, separately and in concert, engaged in the illegal conduct and negligence herein mentioned to the injury of the Plaintiff and deprived Plaintiff of the rights, privileges, and immunities secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States.

45. The harm caused to the Plaintiff was the result of the Defendant correctional officers implementing or executing a policy, ordinance, regulation or decision officially adopted and promulgated by the Defendant, County of Hampden.

46. Each of the individual Defendants subjected the Plaintiff to the said deprivations intentionally, wilfully, knowingly, maliciously and purposefully.

47. As a direct and proximate result of the acts and omissions of the Defendants, the Plaintiff suffered the deprivation of his physical liberty, was forced to suffer great strain and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

## COUNT I - VIOLATION OF FEDERAL CIVIL RIGHTS
## 42 U.S.C., §§ 1981, 1983, 1985(c), 1986, & 1988

48. The Plaintiff hereby repeats and realleges the allegations contained in paragraphs 1 through 47 of this complaint and incorporates the same herein by reference;

49. As a result of these intentional, wilful, knowing, malicious and purposeful violations the Plaintiff suffered the deprivation of his physical liberty, was forced to suffer great strain and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

## COUNT II - VIOLATION OF STATE CIVIL RIGHTS
## M.G.L., Chapter 12, Section 11I

50. The Plaintiff hereby repeats and realleges the allegations contained in paragraphs 1 through 49 of this complaint and incorporates the same herein by reference;

51. As a result the Defendants interfered with the Plaintiff's enjoyment of rights secured by the constitution of the Commonwealth within the meaning of Mass. St. 1979, Chapter 801, M.G.L.,

Chapter 12, Section 11I, including his right to:

    a)     Freedom from illegal detention and imprisonment;
    c)     Freedom from intimidation and humiliation;
    d)     The enjoyment of life, liberty and property and freedom from their deprivation without due process of law;
    e)     Freedom from the use of excessive and unreasonable force;
    f)     Equal protection of the law.
    g)     Medical care

52. As a result of these intentional, wilful, knowing, malicious and purposeful violations the Plaintiff suffered the deprivation of his physical liberty, was forced to suffer great strain and anxiety, was caused painful physical and mental suffering, was subjected to humiliation, and was caused to seek medical attention.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. The Plaintiff hereby repeats and realleges the allegations contained in paragraphs 1 through 52 of this complaint and incorporates the same herein by reference;

54. The Defendants intentionally inflicted emotional distress on the Plaintiff.

## COUNT IV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

55. The Plaintiff hereby repeats and realleges the allegations contained in paragraphs 1 through 54 of this complaint and incorporates the same herein by reference;

56. The Defendants negligently inflicted severe emotional distress on the Plaintiff.

## COUNT V - NEGLIGENCE

57. The Plaintiff hereby repeats and realleges the allegations contained in paragraphs 1 through 56 of this complaint and incorporates the same herein by reference;

58. On or about September 25, 2001, notice was sent to the Defendant, County of Hampden, pursuant to M.G.L., c. 258, §§ 4, 5, and is attached hereto as Exhibit "A";

59. As a direct result of the negligence of the Defendant, County of Hampden, in the hiring, training, supervision and retention of the correctional officers involved in the incidents as alleged herein, the Plaintiff, Thomas Kennedy, suffered serious personal injuries, suffered severe emotional distress, and was otherwise damaged.

60. As a direct result of the negligence of the Defendants, as alleged herein, the Plaintiff, Thomas Kennedy, suffered serious personal injuries, suffered severe emotional distress, and was otherwise damaged.

WHEREFORE, the Plaintiff demands,

**On Count I:**

(a) That Plaintiff be awarded compensatory damages in the amount to be determined at trial.

(b) That Plaintiff be awarded punitive damages in an amount to be determined at trial.

(c) That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d) That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count II:**

(a) That Plaintiff be awarded compensatory damages in the amount to be determined at trial.

(b) That Plaintiff be awarded punitive damages in an amount to be determined at trial.

(c) That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d) That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count III**:

(a) That Plaintiff be awarded compensatory damages in the amount to be determined at trial.

(b) That Plaintiff be awarded punitive damages in an amount to be determined at trial.

(c) That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d) That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count IV**:

(a) That Plaintiff be awarded compensatory damages in the amount to be determined at trial.

(b) That Plaintiff be awarded punitive damages in an amount to be determined at trial.

(c) That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d) That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**On Count V**:

(a) That Plaintiff be awarded compensatory damages in the amount to be determined at trial.

(b) That Plaintiff be awarded punitive damages in an amount to be determined at trial.

(c) That the Plaintiff be awarded reasonable costs and expenses of this action, including prejudgment interest;

(d) That the Plaintiff be awarded a reasonable allowance for attorney's fees.

**JURY TRIAL DEMANDED ON ALL COUNTS SO TRIABLE**

## VERIFICATION

I, Thomas Kennedy, do hereby declare that I have read the foregoing Complaint and know the contents thereof. The contents are true to my knowledge except to those matters that are alleged on information and belief; as to those maters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on this _31_ day of _DECEMBER_, 2003 in Hampden County, Massachusetts.

_____
THOMAS KENNEDY

Respectfully submitted,
THE PLAINTIFF, THOMAS KENNEDY
By his attorney,

Dated: 9/25/03

_____
Alfred P. Chamberland
BBO#: 564151
9 Campus Lane -- PO Box 217
Easthampton, MA 01027
(413) 529-0404

11

# Exhibit 1

# ALFRED P. CHAMBERLAND
### ATTORNEY AT LAW
9 Campus Lane · P.O. Box 217
Easthampton, Massachusetts 01027
Telephone (413) 529-0404 • Fax (413) 529-0347

**Via Return Receipt Certified US Mail**
**Article Number: 7000 1530 0003 6402 2955**

September 25, 2001

Hampden County Jail and House of Correction
and Correctional Center at Stony Brook
627 Randall Road
Ludlow, MA 01056

RE: **NOTICE OF LIABILITY - Personal Injury**
<u>THOMAS KENNEDY v. COMMONWEALTH OF MASSACHUSETTS; HAMPDEN COUNTY CORRECTIONAL CENTER; MICHAEL ASHE JR., Sheriff of Hampden County; and THOMAS CONKLIN, Superintendent of Health Services of Hampden County Correctional Center and certain JOHN DOES</u>

|  |  |
|---|---|
| My Client: | Thomas Kennedy |
| DOB: | 10/25/1959 |
| SSN: | 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 |
| DOL: | January 12, 2001 |

Dear Sir or Madam:

Please be advised that I represent the above-referenced Plaintiff and hereby give **notice of** liability against the Hampden County Correctional Facility, 627 Randall Road, Ludlow, Massachusetts **pursuant to the presentment requirement of the Massachusetts Tort Claims Act, M.G.L. c. 258, § 5**.

## STATEMENT OF ALLEGED FACTS

Thomas Kennedy was incarcerated at the Hampden County House of Corrections on or about January 11, 2001. At the orientation, Mr. Kennedy requested a bottom bunk due to an inherent weakness in his legs. Mr. Kennedy was assigned a top bunk. The next morning while attempting to get down and while utilizing due care Mr. Kennedy fell and was injured. After repeated complaints, Mr. Kennedy was taken to the infirmary.

Of Counsel To Lacroix & Fuller 1391 Main Street • Suite 500 • Springfield, MA 01103-1619
Telephone (413) 739-2112   Fax (413) 731-7967

Since Mr. Kennedy was having a great deal of difficulty walking, he requested crutches. Mr. Kennedy was given two aspirins and sent back to his cell. Subsequently, Mr. Kennedy complained of pain everyday thereafter until on January 26, 2001 he was taken to Baystate Medical Center. At that time he treated with John R. Corsetti, M.D. who diagnosed him as having a fractured hip. Thus, Mr. Kennedy's legitimate requests were ignored, as was he injury and attendant suffering.

Subsequently, Mr. Kennedy was transferred to Hampshire County House of Corrections where he attempted to complete prescribed therapy, however officials stymied his attempts to do so and as a consequence additional injury resulted. These subsequent events were foreseeable.

**LEGAL CLAIMS**

**Civil Rights Violations:** 42 U.S.C., Sections 1981, 1983 and 1988 provide recourse for inmates who believe that they have been deprived of their civil rights under color of law. Mr. Kennedy has legitimate claims based on his treatment at the hands of state officials in their various capacities at the correctional center. Additionally, Mr. Kennedy may have legitimate claims under the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution; and 42 U.S.C., § 1985 ( c ) (civil conspiracy against his rights); and 42 U.S.C., §1986 (neglecting to prevent acts wrongful under §1985).

**Other Common Law and Statutory Claims:** In addition to the above referenced claims, Mr. Kennedy may at the time of filing his complaint present other common law and statutory claims. These include but may not be limited to: negligence and intentional or negligent infliction of emotional distress.

**DEMAND**

At this time it is difficult to calculate the extent to which Mr. Kennedy has been damaged by the actions or inactions of the Hampden County Jail and House of Correction and Correctional Center at Stony Brook, its employees, agents and assigns. WITHOUT PREJUDICING HIS RIGHTS TO BRING SUIT FOR THE ABOVE REFERENCED AND ANY OTHER CLAIMS IN THE FUTURE, Mr. Kennedy demands that Hampden County Jail and House of Correction and Correctional Center at Stony Brook:

(1) Undertake in-service training regarding civil rights violation recognition;
(2) Undertake and update training and/or qualifications for medical personnel;
(3) Pay to Mr. Kennedy the amount of $50,000.00 for negligent personal injury, pain and suffering.

Please contact my office on or before October 10, 2001 to discuss these matters.

Very truly yours,

Alfred P. Chamberland

distribution list:	William F. Galvin
Secretary of the Commonwealth of Massachusetts
State House, Room 337
Boston, MA 02133
(via return receipt certified mail #7000 1530 0003 6402 3020)

Michael J. Ashe, Jr.
Sheriff of Hampden County
627 Randall Road
Ludlow, MA 01056
(via return receipt certified mail #7000 1530 0003 6402 3037)

Thomas Conklin, Asst. Sup. of Health Services
C/O: Hampden County Jail and House of Correction
and Correctional Center at Stony Brook
627 Randall Road
Ludlow, MA 01056
(via return receipt certified mail #7000 1530 0003 6402 3044)

William Fitzgerald, General Counsel
C/O: Hampden County Jail and House of Correction
and Correctional Center at Stony Brook
627 Randall Road
Ludlow, MA 01056
(via return receipt certified mail #7000 1530 0003 6402 3051)

Thomas Kennedy
(via first class US mail)

file



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

Postage $

Certified Fee 2.10

Return Receipt Fee
(Endorsement Required) 1.50

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Sent To: William F. Galvin, Secretary of State
Street, Apt. No.; or PO Box No. State House #337
City, State, ZIP+4 Boston, MA 02133

PS Form 3800, May 2000

7000 1530 0003 2049 3020

Postmark: EASTHAMPTON MA 01027, SEP 25 2001

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   William F. Galvin
   Secretary of State
   State House #337
   Boston, MA 02133

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)*  B. Date of Delivery

C. Signature
   X _____ ☐ Agent
              ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number *(Copy from service label)*
   7000 1530 0003 6402 3020

PS Form 3811, July 1999   Domestic Return Receipt   102595-00-M-0952





**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   Thomas Conklin
   Hampden County HOC
   627 Randall Rd
   Ludlow, MA
   01056

2. Article Number (Copy from service label)

   7000 1530 0003 6402 3044

PS Form 3811, July 1999      Domestic Return Receipt      102595-00-M-0952

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature
   ☐ Agent
   ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7000 1530 0003 6402 3044

| | |
|---|---|
| Postage | $ 0.34 |
| Certified Fee | 2.10 |
| Return Receipt Fee (Endorsement Required) | 1.50 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 3.94 |

Sent To: Kenneth Conklin at residence

Street, Apt. No.; or PO Box No.: 627 Randall Road

City, State, ZIP+4: Ludlow, MA 01056

[Postmark: EASTHAMPTON MA 01027, SEP 23 2001]

PS Form 3800, May 2000    See Reverse for Instructions