UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THOMAS KENNEDY,                 )
          Plaintiff      )
                         )
     v.                  ) CIVIL ACTION NO. 04-30006-MAP
                         )
COMMONWEALTH OF          )
MASSACHUSETTS, ET AL.,   )
          Defendants     )


MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Docket No. 16)

November 23, 2005

PONSOR, D.J.

     Plaintiff has brought this action pursuant to 42 U.S.C.
§§ 1983, 1981, 1985 and 1986.  Plaintiff has also offered
common law negligence claims and a state civil rights claim
against the defendant Commonwealth and certain officials.

     Defendants filed a Motion for Summary Judgment,
contending that the facts, even viewed in the light most
favorable to Plaintiff, were insufficient to support any
constitutional claim.[1]  After hearing argument on November
21, 2005, the court indicated that it would be allowing the
motion and set forth its reasons in detail orally.

     In summary, the essence of Plaintiff's claim is that he

---

     [1] Defendants also sought summary judgment substantively on
the state law claims, but since the court will dismiss these
claims without prejudice as an exercise of discretion, it is
not necessary to address these arguments.

suffered a broken hip while an inmate at the Hampden County
Correctional Center, and Defendants exhibited "deliberate
indifference" in violation of the Eight Amendment's
prohibition of "cruel and unusual punishments" when he
sought medical treatment for the injury. See Estelle v.
Gamble, 429 U.S. 97, 104-05(1976); see also Farmer v.
Brennan, 511 U.S. 825, 837-39 (1994) (defining "deliberate
indifference").

The facts of the case fail to support any claim of
constitutional dimensions.  The fracture occurred on January
12, 2001, as Plaintiff was attempting to get down from an
upper bunk.  The nurse who saw Plaintiff immediately after
the incident took an x-ray and examined him.  Plaintiff was
instructed to return to Health Services for follow-up care
on January 16, 2001.  The radiology report for Plaintiff's
x-ray was received on January 16, 2001, and it showed no
fracture but recommended that further x-rays be taken.
While awaiting a definitive diagnosis of his injury,
Plaintiff was forced to endure severe pain for several days.
On January 17, 2001, he returned to the Health Services
Department and was x-rayed a second time.  The radiology
report for this second set of x-rays was received on January
18, 2001, and it indicated the possibility of a fracture.
Plaintiff was therefore transferred immediately to Baystate

Medical Center in Springfield for treatment.  In sum, the undisputed facts of records indicate that the Plaintiff was seen immediately after the incident and received adequate treatment within one week.

As the First Circuit has stated, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Layne v. Vinzant, 657 F.2d 468, 474 (1st Cir. 1991) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

Having allowed Defendants' Motion for Summary Judgment on the sole remaining federal claim in this case, the court has discretion to dismiss the state law claims without prejudice.[2] United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also 28 U.S.C. § 1367 (2005).

For the foregoing reasons, Defendants' Motion for Summary Judgment (Docket No. 16) is hereby ALLOWED.  The clerk will enter judgment for Defendants on Count I with prejudice, and judgment on all remaining counts without prejudice.  This case may now be closed.

---

[2] Although the Plaintiff has offered claims citing 42 U.S.C. §§ 1981, 1985 and 1986, his opposition to Defendants' Motion for Summary Judgment makes clear that the only colorable federal claim offered by the Plaintiff is pursuant to 42 U.S.C. § 1983.

It is So Ordered.


                              /s/ Michael A. Ponsor
                              MICHAEL A. PONSOR
                              U. S. District Judge